Appellant Vincent Markel is appealing his conviction, in the Ashland Municipal Court, for failing to file an Ashland Municipal income tax return. The following facts give rise to this appeal.
The complaint filed against appellant alleged appellant failed to file an Ashland Municipal tax return for tax year 1997. At his arraignment, appellant refused to enter a plea, and the trial court entered a plea of not guilty on his behalf. The case proceeded to trial on September 10, 1998. The trial court convicted appellant and sentenced him to sixty days in jail, fifty days of which were suspended, and a $250 fine, plus court costs. The court also placed appellant on probation for a period of one year, a condition of which requires him to file his 1997 Ashland Municipal income tax return and pay any tax, interest, and penalties which may be due.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
I. FAILURE OF COURT TO REQUIRE PROPER AUTHORITY
II. 5TH AMENDMENT
III. SHOW CAUSE DEMAND
IV. CONSTITUTIONALITY
V. JURISDICTION
 I
Appellant maintains, in his First Assignment of Error, the state refused to give the requested implementing regulation and without the implementing regulation, the City of Ashland cannot levy an income tax on his wages. We disagree.
We find the authorities properly charged appellant, under Section 229.03(A) of the Codified Ordinances of the City of Ashland. This statute provides, in pertinent part:
 Each taxpayer whose earnings or profits are subject to the Ashland municipal income tax, shall on or before April 30, 1974, and on or before April 30 of each year thereafter, make and file return with the Director of Finance and Public Record on a form obtainable from the Director, setting forth the aggregate amount of salary, wages or other compensation including any deferred income, and net profits earned by him during the preceding year or period and subject to the tax, together with other pertinent information as the Director may require.
Based on the language of the above ordinance, we overrule appellant's First Assignment of Error.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant raises the issue of the Fifth Amendment and claims he can fill out part of the requested municipal income tax form, however, he cannot sign under penalty of perjury and/or represent that the figures contained, on the form, agree with the figures on his Federal 1040 form or even admit the existence of the 1040 form. We interpret this to mean that he refuses to sign the municipal tax form and to force him to do so would be a violation of theFifth Amendment. We disagree.
We cannot determine, from Appellant's brief, how any violation of the Fifth Amendment would occur. Accordingly, we overrule appellant's Second Assignment of Error.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant maintains the trial court improperly addressed his request for "Show Cause and Demand" as a motion to dismiss. Appellant argues the trial court should have transferred this matter to the Ashland County Court of Common Pleas which had jurisdiction. We disagree.
Appellant fails to set forth any case law to support his claim that the trial court improperly addressed this matter as a motion to dismiss. The trial court determined, upon examination of appellant's request for "Show Cause and Demand", that his motion should be addressed as a motion to dismiss. Appellant fails to demonstrate, on appeal, why the trial court allegedly abused its discretion in addressing his motion as a motion to dismiss. We further find this matter was properly before the Ashland Municipal Court.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant assigns as error the issue of constitutionality. He fails to explain, in this assignment of error, how the issue of constitutionality applies to the case sub judice.
Appellant's Fourth Assignment of Error is overruled.
 V
In his Fifth Assignment of Error, appellant challenges the jurisdiction of the Ashland Municipal Court, to hear this matter. Appellant argues R.C. 2945.44(A)(1) requires that this matter be brought before the Ashland County Court of Common Pleas. The statute appellant refers to addresses immunity of witnesses turning state's evidence. It has no application to the case currently before the court.
Appellant's Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Reader, V. J., concurs, Edwards, J., concurs separately.
---------------------------
---------------------------
 --------------------------- JUDGES